# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

WILLIE WOODARD                                                     PLAINTIFF

V.                      NO. 2:19CV00094 BSM-JTR

ANDREW SAUL,
Commissioner of Social Security Administration[1]        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. **Introduction:**

Plaintiff, Willie Woodard ("Woodard"), applied for disability benefits on June 15, 2017, alleging disability beginning on August 30, 2016. (Tr. at 13). After

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied his request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

The ALJ found that Woodard had not engaged in substantial gainful activity since the alleged onset date of August 30, 2016. (Tr. at 15). At Step Two, the ALJ found that Woodard had the following severe impairments: flat feet with bilateral tarsal coalitions, tendonitis, degenerative disc disease, status post left wrist and elbow fracture, osteoarthritis, heart disease, anxiety, and depression. *Id.*

After finding that Woodard's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Woodard had the residual functional capacity ("RFC") to perform work at the light exertional level, except that: (1) he could only occasionally climb ramps and stairs; (2) he could never climb ropes, ladders, or scaffolds; (3) he could only occasionally balance, stoop, kneel, crouch, and crawl; (4) he could occasionally reach overhead; (5) he could occasionally operate foot controls; (6) he could frequently handle; (7) he could occasionally be exposed to extreme cold and vibration; (8) he could never be exposed to unprotected

heights or dangerous moving machinery; (9) he could understand and remember simple instructions; (10) he could sustain attention and concentration to complete simple tasks with regular breaks every two hours; (11) he could interact as needed with supervisors and coworkers and could have routine, superficial interaction with the public; and (12) he could adapt to routine work conditions and occasional work place changes. (Tr. at 18).

The ALJ found, based on Woodard's RFC, that he was unable to perform any past relevant work. (Tr. at 22). At Step Five, the ALJ relied upon the testimony of a Vocational Expert ("VE") to find that, based on Woodard's age, education, work experience and RFC, he could perform other jobs in the national economy, such as car wash attendant, storage rental clerk, and press operator II. (Tr. at 23). Thus, the ALJ held that Woodard was not disabled. *Id*.

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the

record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Woodard's Arguments on Appeal

Woodard contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ: (1) failed to fully develop the record; (2) did not make a proper RFC determination; (3) did not resolve a Step Five conflict; and (4) the hypothetical posed to the VE by the ALJ was legally deficient. For the following reasons, the Court finds support for reversal, based on the ALJ's failure to properly develop the record.

Woodard had significant problems with his feet from 2015 through 2017, yet

4

the ALJ only devoted one paragraph to the diagnoses or treatment of foot problems. (Tr. at 19). Woodard was diagnosed in August 2016 with pes planus deformity in his right foot. (Tr. at 474). This caused chronic foot pain. *Id*. In September 2016, Woodard's VA doctor diagnosed hammertoe deformity and bilateral prominent ventricular tuberosity. (Tr. at 406). Range of motion was reduced due to peroneal spasticity. *Id*. Woodard had severe tenderness on pronation as well as severe pronation bilaterally. *Id*. He had sharp pain with prolonged standing and walking. (Tr. at 498-503). Woodard would need assistive devices to walk. (Tr. at 387). He was taking pain medication. (Tr. at 389). Woodard had a cortisone injection in his right foot in September 2016. (Tr. at 452). This did not help.

Bilateral x-rays showed degenerative spurring, and flat foot deformity with hallux valgus. (Tr. at 468). He was placed in ankle braces in December 2016, which did not help. (Tr. at 380-381). Woodard reported that ankle orthotic shoes made his pain worse. *Id*. In December 2016, Woodard could not do a single foot raise bilaterally. (Tr. at 378). He said he lost his job due to severe pain. (Tr. at 376). Because the braces did not work, Woodard was placed in a walking cast. (Tr. at 378). Eventually crutches and a cane were added in April 2017. (Tr. at 450). By August 2017, Woodard's doctor stated that he had failed all conservative care, including three months of physical therapy, and his pain was worse with any activity. (Tr. at

542).

Couple these findings with Woodard's testimony that he could perform virtually no activities of daily living, and you have a picture of a man with significant limitations. The two Disability Determination Services reviewing physicians noted Woodard's diagnoses and treatment, but they did not mention that all treatment had failed. (Tr. at 61, 82). They limited him to light work. *Id*. Light work requires a good deal of standing and walking. 20 C.F.R. § 404.1567. The provision of braces, orthotics, a cast, crutches, and a cane indicate some question as to whether Woodard could perform a job with a good deal of standing and walking.

The ALJ only gave the DDS consultants' opinions partial weight (Tr. at 21), apparently without recognizing there were no opinions from treating or examining physicians in the record. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel. This duty requires the ALJ to order a consultative examination if it is necessary to make an informed decision on whether the claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Because the ALJ did not order a consultative examination, Woodard's attorney is right that the ALJ was required to "play doctor," by only giving partial weight to the reviewing doctor's opinions, without having any other opinions from

treating or consulting physicians to support his decision that Woodard was disabled. *See Pate-Fires v. Astrue*, 564 F.3d 935, 946-947 (8th Cir. 2009). The reviewing physicians' opinions that Woodard could perform light work is in conflict with the medical evidence of severe diagnoses, and multiple failed treatments. In the face of this conflict, further development was warranted, so reversal is required.

### III. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to fully develop the record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 31st day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE